[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14041
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00457-RH-CAS


MATTHEW JOHNSON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee,

KENNETH TUCKER, et al.,

Respondents.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 27, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Matthew Johnson, a Florida prisoner serving a 30-year sentence for lewd or lascivious molestation of a child less than 12 years of age, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  The district court granted a certificate of appealability on two issues: (1) whether Johnson's trial attorneys "rendered ineffective assistance by failing to present testimony of the alleged victim's [brother] (who the alleged victim said was in the room at the time of the offense) that he did not see the offense"; and (2) whether his attorneys "rendered ineffective assistance by failing to present documentary evidence supporting the argument that the petitioner was in custody at the time of the offense."  After a careful review of the record and consideration of the parties' briefs, we affirm.

## I.

We review *de novo* a district court's denial of a § 2254 habeas corpus petition.  *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016).  We liberally construe the filings of *pro se* litigants.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts cannot grant habeas relief on a claim adjudicated on the

merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Johnson does not contend that the state court's decision was based on an unreasonable determination of the facts.  Rather, his argument is that the state court unreasonably applied clearly established federal law, specifically *Strickland v. Washington*, 466 U.S. 668 (1984).  Under the "unreasonable application" prong, relief is appropriate only if the state court's application of clearly established federal law is "objectively unreasonable," not simply incorrect.  *Bell v. Cone*, 535 U.S. 685, 694 (2002).

To establish a claim of ineffective assistance of counsel under *Strickland*, Johnson must show both that "counsel's performance was deficient and that the deficient performance prejudiced the defense."  *Bester*, 836 F.3d at 1337; *see Strickland*, 466 U.S. at 687–88.  "Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim against the petitioner," we may consider the prongs in either order and need not address both. *Windom v. Sec'y, Dep't of Corr.*, 578 F.3d 1227, 1248 (11th Cir. 2009).

3

For counsel's performance to be constitutionally deficient, it must fall "below an objective standard of reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 688). Review of counsel's performance is highly deferential, and it is presumed that counsel's conduct fell within the range of reasonable professional assistance. *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 928 (11th Cir. 2011). To overcome that presumption, the petitioner "must show that no competent counsel would have taken the action that his counsel did take." *Id.* (internal quotation marks omitted).

To establish prejudice, "a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694). The likelihood of a different result must be substantial, not just conceivable. *Id.*

When the deferential standards created by *Strickland* and § 2254(d) apply in tandem, our review is "doubly" deferential as to the performance prong. *Id.* at 105. When both apply, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Because of this double deference, it will be a rare case in which an ineffective-assistance claim denied on the merits in state

4

court is found to merit relief in a federal habeas proceeding. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013).

## II.

Johnson first alleges that trial counsel was ineffective for failing to investigate and present at trial mitigating testimony from the victim's brother.[1] During trial, the victim testified that her brother and her cousin were also in the room when Johnson pulled out his penis and had the victim rub it. After Johnson was convicted, the victim's brother prepared an affidavit stating that he had never seen any inappropriate touching occur between Johnson and the victim. Johnson contends that trial counsel could have used the brother's testimony to impeach the victim's credibility, which he asserts was already in some doubt due to other inconsistencies in her testimony.

Here, the state court's determination that Johnson was not prejudiced by counsel's performance is not an unreasonable application of *Strickland*. As the state court explained, the brother's testimony that he did not witness the alleged offense would not have refuted the victim's trial testimony because she indicated only that her brother was in the room, not that he witnessed the offense. "Just because [the brother] did not see anything, as he avers," the state court reasoned,

---

[1]    We decline to address the state's contention that both of Johnson's claims are unexhausted and procedurally defaulted. The district court addressed the claims on the merits, and Johnson has not shown that he is entitled to relief on the merits, in any event.

"does not mean that nothing happened." Because the brother's testimony did not actually contradict the victim's testimony, the state court reasonably determined that the testimony likely would have had no effect on the result. *See Strickland*, 466 U.S. at 694. Since the state court's prejudice determination requires us to deny habeas relief, we do not address whether counsel's performance was deficient. *See Windom*, 578 F.3d at 1248. Accordingly, the district court properly denied relief on this claim.

## III.

Next, Johnson argues that trial counsel was ineffective for failing to introduce records showing that he had been sentenced to six months in county jail on July 14, 2004. These records, according to Johnson, would have demonstrated that he "was in jail for a substantial portion of the timeframe that the victim testified that the acts occurred and limited them to occurring in January 2005, if they occurred at all."

Johnson contends that we may review this claim *de novo* because the state court did not address this claim on the merits. A review of the record shows that this particular claim was not addressed.[2]  "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume

---

[2]  That may be because Johnson framed his allegations on this matter as a claim of prosecutorial misconduct, which the state court addressed, and not ineffective assistance. The state also notes that Johnson's theory of why he is entitled to relief based on the records has shifted over the course of his post-conviction proceedings. Regardless, Johnson has not shown that he is entitled to relief based on the arguments he presents on appeal.

that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Bester*, 836 F.3d at 1336 (quoting *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013)); *see Harrington*, 562 U.S. at 99–100 (holding that a state court's summary, unexplained rejection of a constitutional issue generally qualifies as an adjudication that is entitled to deference). The presumption is rebutted when the evidence clearly shows that the federal claim was "inadvertently overlooked" in state court. *Bester*, 836 F.3d at 1336. In such a case, federal courts may review the claim *de novo*. *Id.* at 1337.

Here, even assuming without deciding that *de novo* review applies, Johnson has not shown that he is entitled to relief. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (stating that courts can "deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies"). Johnson has not shown that "counsel's performance was deficient [or] that the deficient performance prejudiced the defense." *Bester*, 836 F.3d at 1337.

First, Johnson's trial counsel was not deficient under *Strickland* because counsel's performance fell within the range of reasonable professional assistance. Trial counsel presented to the jury the substance of Johnson's allegations regarding his time in jail. Specifically, counsel called as a trial witness Johnson's father, who testified that Johnson was in jail from January 2003 to September 2003 and then from July 2004 to November 2004. These periods are consistent with Johnson's

own allegations in his state court post-conviction proceedings.[3]    Then, in closing arguments, counsel used that testimony to argue that doubt existed as to whether Johnson even could have committed the offense against the victim because he was in jail for substantial portions of the timeframe in which the offense allegedly occurred.[4]   Accordingly, the record shows that trial counsel knew of Johnson's jail time, brought it out at trial, and argued that it supported the defense.

Johnson argues that it was unreasonable for counsel to elicit testimony from his father instead of introducing the court records because the jury would have been more likely to disbelieve a relative of the defendant.  But that is the kind of second-guessing of counsel's actions that we must avoid when conducting our highly deferential review of counsel's performance.  *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*).  And "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Johnson has not made that showing here.

---

[3]  For example, in Johnson's April 2009 Rule 3.850 motion in state court, he alleged that he was released from county jail on November 10, 2004.

[4]  The indictment broadly alleged that the offenses—against multiple victims, not just the single victim relevant to this appeal—were committed on various occasions between January 2002 and January 2005.  Of the four counts charged in the indictment, the district court granted a judgment of acquittal as to one, and a state appellate court held that judgment of acquittal should have been granted as to two others.  The remaining conviction, which gave rise to these proceedings, was affirmed.

Moreover, Johnson has not shown that he was prejudiced by counsel's failure to introduce the court records.  Even Johnson does not go so far as to assert that the records could have proved that he simply did not commit the offense as the victim testified.  Rather, his position is that the records would have narrowed the timeframe in which the offense could have occurred.  But that does little to cast doubt on whether the crime in fact occurred during the narrower timeframe.  In these circumstances, we do not think that the likelihood of a different result is "substantial."  *See Harrington*, 562 U.S. at 104.  Accordingly, the district court properly denied relief on this claim, even under *de novo* review.

## IV.

For the foregoing reasons, the district court properly denied Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**AFFIRMED.**